United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Bruce Smith,
              Debtor.
_____/

Case No. 09-76194-R
Chapter 7

Ann Sullivan, Conservator for Thomas Sullivan,
              Plaintiff,

v.

Adv. No. 10-4335

Bruce Smith,
              Defendant.
_____/

Opinion Regarding Motion for Summary Judgment

I.

Bruce Smith, the debtor, is the owner of Smith Industrial Maintenance Co. ("SIMC"). In October 2001 and April 2004, SIMC borrowed money from Thomas Sullivan. Smith personally guaranteed the loans. SIMC defaulted on the loans.

In 2005, Ann Sullivan, the conservator for Thomas Sullivan, brought suit against Smith and SIMC in Wayne County Circuit Court and obtained a judgment for default on the promissory note and personal guaranty in the amount of $167,466.98.

On May 19, 2006, the parties entered into a forbearance agreement which provided, in part:

> **Non Dischargeability**. Smith and SIMC acknowledge that their judgment indebtedness to Sullivan and Allen Sibley is not dischargeable in bankruptcy based upon, among other things, their obtaining money and extensions of credit from Sullivan and Allen Sibley based on false representations within the contemplation and meaning of 11 U.S.C. § 523.

Ex. 6c at 2.

Smith filed for chapter 7 protection on November 24, 2009. On February 2, 2010, Sullivan filed this adversary proceeding seeking to deny discharge of the debt pursuant to § 523(a)(2)(A). Sullivan alleges in the complaint that Smith misrepresented that SIMC and Smith had the ability and intention of repaying the loans.

Sullivan now moves for summary judgment. In support of her motion, Sullivan relies on the provision in the forbearance agreement acknowledging that the debt is nondischargeable because Smith and SIMC obtained the money based on false representations. She asserts that collateral estoppel applies.

Smith argues that the forbearance agreement should not be used to establish nondischargeability because he did not admit any of the facts necessary to establish a nondischargeable debt. Smith further asserts that agreements waiving the discharge are generally void because they are against public policy.

## II.

The doctrine of collateral estoppel can be applied by a bankruptcy court to avoid relitigating any grounds for nondischargeability which were previously litigated in a prior proceeding. *Spilman v. Harley*, 656 F.2d 224, 227 (6th Cir. 1981). The Full Faith and Credit Statute, 28 U.S.C. § 1738, requires the bankruptcy court to refer to the preclusion law of the state in which the judgment was rendered to determine its preclusive effect. *See Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380, 105 S. Ct. 1327 (1985). *See also Bay Area Factors v. Calvert* (*In re Calvert*), 105 F.3d 315, 317 (6th Cir. 1997); *Cresap v. Waldorf* (*In re Waldorf*), 206 B.R. 858, 862 (Bankr. E.D. Mich. 1997). If the state court judgment would receive preclusive effect in the state

where it was rendered, the bankruptcy court must give that judgment preclusive effect unless it determines that an exception to § 1738 should apply. *Marrese*, 470 U.S. at 386. The Sixth Circuit has held that no such exception exists under the circumstances of a default judgment. *Calvert*, 105 F.3d at 322; *Rally Hill Prods., Inc. v. Bursack* (*In re Bursack*), 65 F.3d 51, 54 (6th Cir. 1995).

Under Michigan law, collateral estoppel precludes the relitigation of an issue in a subsequent, different action between the same parties where the prior proceeding culminated in a valid, final judgment and the issue was actually litigated and necessarily determined. *People v. Gates*, 452 N.W.2d 627, 630 (Mich. 1990).

An issue is "actually litigated" if it is "put in issue by the pleadings, submitted to the trier of fact for determination, and is thereafter determined." *Latimer v. William Mueller & Son, Inc*., 386 N.W.2d 618, 627 (Mich. App.1986). An issue may be actually litigated without a trial. *Id.* at 627 (claim was "actually litigated" for collateral estoppel purposes when trial court dismissed it on motion for directed verdict at close of claimant's opening statement).

Michigan courts generally do not give collateral estoppel effect to consent judgments, *American Mutual Liability Ins. Co. v. Mich. Mutual Liability Co.*, 235 N.W.2d 769 (1975), unless "the parties have entered an agreement manifesting an intention that the judgment be conclusive with respect to one or more of the issues[.]" *Mustaine v. Kennedy* (*In re Kennedy*), 243 B.R. 1, 12 (Bankr. W.D. Ky. 1997).

Sullivan relies on *Fifth Third Bank v. Baumhaft*, 271 B.R. 523 (Bankr. E.D. Mich. 2001), in support of her motion for summary judgment. In *Baumhaft*, prior to his bankruptcy filing, the debtor pled guilty to bank fraud by entering into a plea agreement in which he stipulated to the elements of bank fraud. He also entered into a settlement agreement with Fifth Third National Bank to settle a civil action related to the bank fraud. Along with the settlement agreement, the debtor executed

a verified statement in which he stipulated to certain facts regarding the bank fraud. The debtor agreed that he would not challenge the nondischargeability of the obligations created by the settlement agreement through a bankruptcy proceeding. The verified statement contained the elements of nondischargeability under 11 U.S.C. § 523(a)(2), (4) and (6), and provided that it may be used for the purposes set forth in section 5 of the settlement agreement, which includes the nondischargeability of the obligation. *Id*. at 525.

After the debtor filed for chapter 7 relief, the Bank filed a complaint to determine nondischargeability of debt under §523(a)(2), (4), and (6). The Bank moved for summary judgment, arguing that the plea agreement, settlement agreement and verified statement should be given preclusive effect. The Court agreed. In coming to this conclusion, the Court relied upon the parties' factual stipulations and the debtor's admissions:

> [T]he parties entered into a settlement agreement which specifically provides that "Baumhaft's payment obligations under Sections 2, 3 and 4 hereof are nondischargeable in bankruptcy." In support of the nondischargeability provision in the settlement agreement, the Baumhafts executed a verified statement, which provides:
>
>> The payments due to Bank from Baumhaft under Sections 2, 3 and 4 of the Agreement are nondischargeable in bankruptcy under 11 USC § 523(a)(2), (4) and (6), as such payments are to resolve Bank's loss due to Baumhaft's fraud, fraud as a fiduciary and willful and malicious injury.
>
> (Verified statement provided to the Court for *in camera* review).
>
> Further, Baumhaft entered into a Rule 11 plea agreement in which he stipulated to certain facts. Specifically, he stipulated that the factual allegations in the information were true and constituted a violation of the bank fraud statute. The elements of bank fraud are: "1) that the defendant knowingly executed or attempted to execute a scheme to defraud a financial institution; 2) that the defendant did so with the intent to defraud; and 3) that the financial institution was insured by the FDIC." *United States v. Hoglund*, 178 F.3d 410, 413 (6th Cir.1999). In addition, Baumhaft stipulated to the following:

> Between on or about December 1996, and October, 1997, the defendant, doing business as First Independence Capital Corporation, 7125 Orchard Lake Rd., # 111, Bloomfield Hills, MI 48322, executed a scheme to defraud Fifth Third Bank (a financial institution as defined in 18 USC 20). The defendant paid gratuities to a Fifth Third Bank lending officer and submitted false and fictitious documentation to Fifth Third Bank for the purpose of fraudulently inducing the bank to make loans to First Independence Capital Corporation's clients. Typically, the documentation falsely represented that the loans were being sought for the purpose of purchasing specified equipment to be used in the operation of the clients' business.
> (Rule 11 plea agreement at 2.)

*Baumhaft* at 527.

The Court concluded that the parties' agreement clearly manifested "an intention to be bound by their stipulation of facts in a future bankruptcy proceeding." *Id.* at 527-28.

Here, the relevant language in the forbearance agreement provides:

> **Non Dischargeability**. Smith and SIMC acknowledge that their judgment indebtedness to Sullivan and Allen Sibley is not dischargeable in bankruptcy based upon, among other things, their obtaining money and extensions of credit from Sullivan and Allen Sibley based on false representations within the contemplation and meaning of 11 U.S.C. § 523.

Exh. 6c at 2.

Unlike the agreement in Baumhaft, here the debtor did not stipulate to any specific facts. Smith stated only that he obtained money and extensions of credit based on false representations. However, his failure to identify the false representations, and any related facts, prevents the Court from determining whether § 523(a)(2) is applicable to deny the discharge of this debt.

Accordingly, Sullivan's motion for summary judgment is denied.

Not for Publication.

**Signed on June 28, 2010**

/s/ Steven Rhodes

5

10-04335-swr    Doc 24    Filed 06/28/10    Entered 06/28/10 10:29:28    Page 5 of 6

                                                                       **Steven Rhodes**
                                                                       **United States Bankruptcy Judge**